IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01989-BNB

CHARLES LEE KETTERING,

    Plaintiff,

v.

LARIMER COUNTY DETENTION CENTER, 2405 Midpoint Drive,
    Fort Collins, CO 80525
SERGEANT DANIALS, in his individual and official capacities,
DEPUTY PURRIER, in his individual and official capacities,
POLICE OFFICER CHARLES ROBLES, in individual and official capacities,
POLICE OFFICER PATTI DEAN, in individual and official capacities,
POLICE OFFICER DOUG RICE, in his individual and official capacities,
POLICE JASON STAUBIN, in individual and official capacities,
POLICE OFFICER AMY WIMMER, in her individual and official capacities,
NURSE BRUNTZ, in her individual and official capacities,
DEPUTY BERGESS, in his individual and official capacities,
DEPUTY HARRIS, in his individual and official capacities,
SERGEANT ESTERS, in his individual and official capacities,
CORPORAL CATES, in her individual and official capacities,
CORPRAL [sic] NAIL, in his individual and official capacities,
DEPUTY KERR, in his individual and official capacities,
DEPUTY VANDERSLICE, in his individual and official capacities,
DEPUTY SIMMS, in his individual and official capacities,
DEPUTY SANZONE, in his individual and official capacities,
DEPUTY HOONER, in individual and official capacities,
DEPUTY MEEKS, in his individual and official capacities,
DEPUTY MOLL, in his individual and official capacities,
NURSE HOFFMAN, in her individual and official capacities,
NURSE UNKNOWN, in her individual and official capacities,
LEUTENANT [sic] RUSSELL, in his individual and official capacities,
LEUTENANT [sic] FARABEE, in his individual and official capacities,
SERGEANT VANFLEET, in his individual and official capacities,
DEPUTY GREGORY, in his individual and official capacities,
CORPORAL [sic] HARTEKER, in his individual and official capacities,
DEPUTY PUGLIESE, in his individual and official capacities,
DEPUTY MARTINEZ, in his individual and official capacities,
DEPUTY SANTOS, in his individual and official capacities,
DEPUTY ARMENTROUT, in his individual and official capacities,
DEPUTY SOMOYER, in his individual and official capacities,

FILED
UNITED STATES DISTRICT COURT

DEC 13 2006

GREGORY C. LANGHAM
    CLERK

DEPUTY TRAYLOR, in his individual and official capacities,
DEPUTY MCHUGH, in her individual and official capacities, and
DEPUTY KIAHTIPES,

    Defendants.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
AND FOR PRELIMINARY INJUNCTION

Plaintiff Charles Lee Kettering currently is incarcerated at the Larimer County Detention Facility in Fort Collins, Colorado. He has filed *pro se* a civil rights complaint.

On November 21, 2006, Mr. Kettering submitted a motion for a temporary restraining order and a preliminary injunction. The Court must construe the motion liberally because Mr. Kettering is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the liberally construed motion for a temporary restraining order and a preliminary injunction will be denied.

Mr. Kettering alleges that Defendant Deputy Kahtipes is retaliating against him by threatening and harassing him. He also generally alleges that he is being harassed and given inhumane treatment by not being allowed an hour out of cell each day, access to the law library, or recreation time. On the basis of these allegations, he believes he needs the Court's protection.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to him outweighs whatever damage the proposed injunction

may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Mr. Kettering fails to allege any facts that demonstrate he is facing immediate and irreparable injury. Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b). Therefore, the liberally construed motion for a temporary restraining order and a preliminary injunction will be denied. Accordingly, it is

ORDERED that the motion for a temporary restraining order and a preliminary injunction that Plaintiff Charles Lee Kettering submitted and the Court filed on November 21, 2006, is denied.

DATED at Denver, Colorado, this 12 day of December, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01989-BNB

Charles Lee Kettering
Prisoner No. 104451
Larimer County Det. Facility
2405 Midpoint Drive
Fort Collins, CO 80525

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/13/06

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk