IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01989-REB-PAC

CHARLES LEE KETTERING,

    Plaintiff(s),

v.

LARIMER COUNTY DETENTION CENTER, 2405 Midpoint Drive, Fort Collins, CO 80525, et al.,

    Defendant(s).

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

O. Edward Schlatter, United States Magistrate Judge

This is a *pro se* prisoner civil rights action under 42 U.S.C. §1983. The matter before the court is plaintiff's [Motion to Add] Names of Defendants to Complaint [and] Motion [for] Leave to File Amended Complaint (Doc. #75), filed February 12, 2007. The motion has been referred to the undersigned for disposition.

Plaintiff's original complaint (Doc. #4) asserts claims against the defendants for alleged constitutional violations he experienced while detained in the Larimer County Detention Center. Plaintiff claims that defendants failed to protect him from a substantial risk of serious harm, in violation of the Eighth Amendment, by exposing him to detainees who had tuberculosis; that defendants refused to provide him adequate dental care, in violation of the Eighth Amendment, by denying him access to a dentist for approximately eight months after he complained of mouth pain, and in refusing to authorize the root canals recommended by that dentist for the remainder of plaintiff's County detention; that

nurses at the detention center acted with deliberate indifference to plaintiff's serious dental needs by refusing to dispense appropriate medications; and, that Larimer County sheriff's deputies used excessive force against the plaintiff on several occasions, some of which were witnessed by defendant Fort Collins police officers, who did nothing to prevent the alleged assaults.

Plaintiff now seeks to amend his complaint under Fed.R.Civ.P. 15(a). Because plaintiff is proceeding in forma pauperis under 28 U.S.C. 1915, I review the allegations of his proposed amendment to determine if they are frivolous or fail to state a claim upon which relief can be granted. *See* 28 U.S.C. §1915(e)(2)(B).

Plaintiff should be allowed to amend his pleading to assert additional factual allegations to bolster his existing claims. *See, generally,* tendered Amended Complaint (Doc. #76), at 1-6. Proposed claims seven, eight, nine, fifteen and sixteen state arguable claims for relief under 42 U.S.C. §1983, and, therefore, should not be dismissed by the court *sua sponte*. However, I recommend that the remainder of plaintiff's tendered amended pleading be dismissed under 28 U.S.C. §1915(e) for the reasons discussed below

Plaintiff's proposed claims ten and thirteen in which plaintiff complains about the grievance process at the Larimer County Detention Center, and asserts that he was not allowed to use the law library while detained at the Detention Center, are not actionable under 42 U.S.C. §1983, unless plaintiff can show that he is being deprived of his constitutional right of access to the courts.

State prisoners enjoy a constitutional right of adequate, effective, and meaningful

2

access to the courts which is grounded in the First Amendment right to petition the government for redress of grievances and in the Fourteenth Amendment Due Process Clause. *Smith v. Maschner*, 899 F.2d 940, 947 (1990)(citation omitted); *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974). A prisoner asserting an infringement of his constitutional right of access must demonstrate an actual injury to his ability to pursue a non frivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996); *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999). Plaintiff does not allege any facts to show that he has had a legal proceeding or claim dismissed because of the defendants' actions alleged in proposed claims 10 and 13. Accordingly, those claims fail to state a claim upon which relief can be granted.

Proposed claim eleven, for "libel, slander and defamation of character" is not actionable. There is no cause of action for defamation under §1983. *See Estate of Ricci v. Salt Lake City Corp.*, 180 Fed.Appx. 810, 813 (10th Cir. (Utah) 2006)[1](citing *Siegert v. Gilley*, 500 U.S. 226, 234 (1991)(stating that there is no "constitutional protection for the interest in reputation").

Proposed claim twelve alleges that unidentified Fort Collins police officers violated his Fourteenth Amendment equal protection rights when they prosecuted him for stalking and harassment, but did not prosecute his alleged female victim for engaging in the same conduct.

Because plaintiff pleaded guilty to the stalking and harassment charges, *see* tendered Amended Complaint, at 29, he cannot now maintain a claim of selective

---

[1] A copy of the *Estate of Ricci* decision is attached to the Recommendation.

prosecution. *See United States v. Black*, 943 F.2d 58 (Table) (10th Cir. (Colo.) 1991)[2].

Instead, the constitutional inquiry is whether his guilty plea was knowing and voluntary:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . .

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). However, even if plaintiff had challenged the validity of his guilty plea in this proceeding, that claim would be premature. A convicted person cannot bring a civil action that undermines the validity of his conviction unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid ... or called into question by a ... writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Proposed claim fourteen assert that plaintiff's public defender and the prosecuting attorney in his state criminal case conspired to suppress evidence favorable to him, in violation of his due process rights, as set forth in *Brady v. Maryland*, 373 U.S. 83 (1963). In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. Plaintiff's allegations that <u>defense counsel</u> conspired with the prosecutor to suppress evidence favorable to plaintiff do not state a *Brady* violation.

---

[2]A copy of the *Black* decision is attached to the Recommendation.

4

To the extent plaintiff is attacking his conviction pursuant to his guilty plea(s), that claim is barred by the rule of *Heck*.

Accordingly, it is

**HEREBY RECOMMENDED** that plaintiff's [Motion to Add] Names of Defendants to Complaint [and] Motion [for] Leave to File Amended Complaint (Doc. #75), filed February 12, 2007, be **GRANTED in part and DENIED in part** as follows:

Plaintiff's motion to add Norm Townsend of the Colorado Public Defender's Office, and Michale Pierson of the Larimer County District Attorney's Office, as party defendants, should be **DENIED**.

The proposed Amended Complaint, filed as Doc. #76, should be **REJECTED.**

Plaintiff should be ordered to file an Amended Complaint which shall include: (1) the claims asserted in the original Complaint, as well as the additional allegations contained in the proposed Amended Complaint to bolster those claims; (2) proposed claims seven, eight, nine, fifteen, and sixteen. **No new claims should be included in the Amended Complaint.**

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The**

**judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated March 12, 2007.

                                        BY THE COURT:

                                        s/ O. Edward Schlatter
                                        O. EDWARD SCHLATTER
                                        United States Magistrate Judge