IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01989-REB-PAC

CHARLES LEE KETTERING,

        Plaintiff(s),

v.

LARIMER COUNTY DETENTION CENTER, 2405 Midpoint Drive, Fort Collins, CO
80525, *et al.*,

        Defendant(s).

_____

ORDER
_____

        This is a *pro se* prisoner civil rights action under 42 U.S.C. §1983.  The matters

before the court at this time are plaintiff's Motion for Discovery of Larimer County Detention

Center (LCDC) Policies and Procedures [Doc. #82; filed February 16, 2007] and Motion

for Approval of Discovery [Doc. #113; filed April 16, 2007].

        Plaintiff's Amended Complaint asserts claims against the defendants for allegedly

violating his Eighth Amendment rights while he was detained in the Larimer County

Detention Center ("LCDC").  Plaintiff claims that defendants failed to protect him from a

substantial risk of serious harm by exposing him to other detainees who had tuberculosis;

that defendants failed to provide him adequate dental care by denying him access to a

dentist for approximately eight months after he complained of mouth pain, and in refusing

to authorize the root canals recommended by that dentist for the remainder of plaintiff's

County detention; that nurses at the detention center acted with deliberate indifference to

plaintiff's serious dental needs by refusing to dispense appropriate medications; that

Larimer County sheriff's deputies subjected him to inhumane conditions of confinement; and, that sheriff's deputies used excessive force against the plaintiff on several occasions, some of which were witnessed by defendant Fort Collins police officers, who did nothing to prevent the alleged assaults.

Plaintiff represents that he has submitted written discovery requests to the defendant and that defendant refuses to respond, absent a court order to do so. *See* Doc. #119. Plaintiff seeks the following from the defendants: (1) copies of all Larimer County Detention Center policies and procedures, including training procedures, on: inmate "extraction"; inmate discipline; use of force against inmates; use of the restraint chair; inmate dental care; use of booking cells as holding cells; cleaning pepperball chemicals off inmates; and, separation of inmates with contagious diseases, viruses or infections; (2) videotaped recordings of plaintiff's cell extractions during the period relevant to the Amended Complaint; and, (3) the individual Larimer County sheriff's deputy defendants' prior records of "police misconduct." Plaintiff also asks the defendants to provide the "names and pictures of all medical staff so he can name all medical staff that failed to give proper dosage of mouthwash as to dentists [sic] directions." Doc. #119, incorporated by reference into plaintiff's prior requests for discovery (Doc. #82, #113).

The LCDC defendants respond that the video recordings plaintiff requests were destroyed on November 29, 2006, pursuant to the jail's retention policy.

The LCDC defendants are willing to produce the requested policies and procedures. Defendant Nurses Bruntz and Hoffman represent that they notified plaintiff of relevant documents, including plaintiff's medical records and Larimer County Sheriff's

2

office policies and procedures regarding oral screening, dental treatment, pharmaceuticals, and medical administration training in their Fed.R.Civ.P. 26(a)(2) disclosures.[1] *See* Defendants Nurse Bruntz and Nurse Hoffman's Response to Plaintiff's Motion(s) for Approval of Discovery, and attached Ex. A.

The LCDC defendants object to allowing plaintiff unlimited access to the sheriff's deputies' personnel files. I find that the information plaintiff seeks may be relevant to plaintiff's Eighth Amendment claims that defendants subjected him to excessive force and inhumane conditions of confinement. *See Hoyt v. Connare*, 202 F.R.D. 71, 77 (D.N.H. 1996); *Cox v. McClellan*, 174 F.R.D. 32, 34-35 (W.D.N.Y. 1997). However, plaintiff's request is overly broad.

I further find that plaintiff is not entitled to photographs of all medical staff. Defendants Bruntz and Hoffman have identified all persons with information relevant to the facts alleged in plaintiff's Amended Complaint in their Rule 26(a)(2) disclosures, including the names of individuals identified in plaintiff's medical records from the LCDC. Further, plaintiff alleged in his original Complaint, and in his Response to Defendant's Answer (Doc. #90), that Nurse Bruntz was the only nurse who did not give him the proper dose of mouthwash. Plaintiff's new allegation in his Amended Complaint that four other unknown nurses also refused to give him the proper amount of mouthwash directly contradicts these statements and plaintiff has not provided any factual basis for the sudden contradiction.

---

[1]Defendants Bruntz and Hoffman advised plaintiff that the identified documents could be copied and sent to plaintiff for a copying fee of $ .15 per page, plus postage.

Accordingly, it is

**HEREBY ORDERED** that plaintiff's Motion for Discovery of Larimer County Detention Center (LCDC) Policies and Procedures [Doc. #82; filed February 16, 2007] and Motion for Approval of Discovery [Doc. #113; filed April 16, 2007] are **GRANTED in substantial part, and DENIED in part,** as follows:

(1) The LCDC defendants shall identify to plaintiff all Larimer County Detention Center policies and procedures, including training procedures, on: inmate "extraction"; inmate discipline; use of force against inmates; use of the restraint chair; use of booking cells as holding cells; procedures for cleaning pepperball chemicals off inmates; and, separation of inmates with contagious diseases, viruses or infections, **on or before June 22, 2007**;

(2) Defendants shall provide plaintiff with information about whether any evaluations or investigations, conducted during the last three years, pertaining to allegations of excessive force and/or inhumane conditions of confinement, were charged against any of the individual sheriff's deputy defendants, **on or before June 22, 2007**. The information shall state the date of the complaint, the nature of the complaint, the officer complained of, and the action taken, if any, and whether any records exist with regard to each evaluation or investigation noted.   The complainant's identity shall not be disclosed to the plaintiff at this time;

(3) Plaintiff's request for video recordings of his cell extractions is denied

4

because the recordings no longer exist.

(4)     Plaintiff's request for photographs of all medical staff is denied.  It is

**FURTHER ORDERED** that **on or before June 25, 2007,** the LCDC defendants

shall file a document with the court certifying their compliance with the above Order and

informing the court of the total number of pages included in the documents identified to

plaintiff.   Defendants Bruntz and Hoffman shall also inform the court, **on or before June**

**25, 2007**, of the total number of pages included in plaintiff's medical file from LCDC, and

in documents pertaining to Larimer County Sheriff's office policies and procedures

regarding oral screening, dental treatment, pharmaceuticals, and medical administration

training.  The court will thereafter determine who shall bear the copying and postage costs

associated with delivering the documents to the plaintiff.

Dated May 21, 2007.

BY THE COURT:

s/ O. Edward Schlatter
O. EDWARD SCHLATTER
United States Magistrate Judge

5