IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01989-REB-KLM

CHARLES LEE KETTERING,

    Plaintiff(s),

v.

LARIMER COUNTY DETENTION CENTER, 2405 Midpoint Drive, Fort Collins, CO 80525,
NURSE HAUGE, in her official and individual capacities,
DEPUTY BERGESS, in his official and individual capacities,
DEPUTY HARRIS, in his official and individual capacities,
SERGEANT ESTERS, in his official and individual capacities,
CORPORAL CATES, in her official and individual capacities,
CORPORAL NAIL, in his official and individual capacities,
DEPUTY KERR, in his official and individual capacities,
DEPUTY VANDERSLICE, in his official and individual capacities,
DEPUTY SIMMS, in his official and individual capacities,
DEPUTY SANZONE, in his official and individual capacities,
DEPUTY HOONER, in his official and individual capacities,
DEPUTY MEEKS, in his official and individual capacities,
DEPUTY MOLL, in his official and individual capacities,
NURSE HOFFMAN, in her official and individual capacities,
LIEUTENANT RUSSELL, in his official and individual capacities,
LIEUTENANT FARABEE, in his official and individual capacities,
SERGEANT VANFLEET, in his official capacity,
DEPUTY GREGORY, in his official and individual capacities,
CORPORAL HARTEKER, in his official and individual capacities,
DEPUTY PUGLIESE, in his official and individual capacities,
DEPUTY MARTINEZ, in his official and individual capacities,
DEPUTY SANTOS, in his official and individual capacities,
DEPUTY ARMENTROUT, in his official and individual capacities,
DEPUTY SOMOYER, in his official and individual capacities,
DEPUTY TRAYLOR, in his official and individual capacities,
DEPUTY McHUGH, in his official and individual capacities,
SERGEANT DANIALS, in his official and individual capacities,
DEPUTY PURRIER, in his official and individual capacities,
CHARLES ROBLES, in his official and individual capacities,
PATTI DEAN, in her official and individual capacities,
DOUG RICE, in his official capacity,
JASON STAUBIN, in his official and individual capacities,
AMY WIMMER, in her official and individual capacities,

NURSE UNKNOWN, in her official capacity,
DOUG RICE, in his individual capacity,
NURSE BRUNTZ, in her individual capacity,
DEPUTY KIAHTIPES,
MAJOR DARLIN,

    Defendant(s).

___

**MINUTE ORDER**
___

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's Motion to Reassurt [sic] Document #188 Also County Defendant was late with Summary Judgment [Docket No. 232, filed November 16, 2007] ("Motion No. 232"). Plaintiff asks the "Court to rule in favor of Plaintiff for Defered Jugment [sic] becuse [sic] Deffendant's [sic] Lawyer George Hass was 30 days late with the paperwork and motion. Also, if this Court will not give Default Jugment [sic] to the Plaintiff to assurt the document in Court's possention [sic]." The County Defendants filed a response to Motion No. 232 on November 20, 2007 [Docket No. 235].

    This matter is also before the Court on Plaintiff's Motion for More Time to Respond to Motion of Summary Judgement [sic]. County Defendant Did Not Send Motion Untell [sic] November 5th & Plaintiff Ask for Extention [sic] of Time [Docket No. 234, filed November 19, 2007] ("Motion for Extension"). The Motion for Extension seeks two forms of relief: (1) an extension of time to respond to "both Summary Judgment motions"; and (2) "default jugement [sic] against the County Defendants because they was [sic] over the time and date allowed by Courts by 35 days."

    IT IS HEREBY **ORDERED** that Motion No. 232 is **DENIED**. **Plaintiff must file a response to any pending motion for summary judgment by identifying it as a "Response to Motion for Summary Judgment" in its title**. If Plaintiff wishes to reassert any argument contained in Document No. 188, he must do so in his response to the pending motions for summary judgment. Further, the Court notes that Motion No. 232 is largely unintelligible. Plaintiff is reminded that the Court is not required to wade through unintelligible or nonsensical filings in an attempt to determine the arguments made or relief sought by the filing party. Such filings may and will be summarily stricken. D.C. Colo. L. Civ. R. 7.1H. To the extent that Plaintiff seeks imposition of sanctions against the County Defendants by entry of some form of judgment in his favor, Motion No. 232 is also **denied**. Pursuant to the Court's Order dated September 24, 2007 [Docket No. 213], the deadline for filing "dispositive motions" (meaning motions for summary judgment and other motions that could dispose of the case) was extended to November 1, 2007. The County Defendants filed their Motion for Summary Judgment within that deadline and, therefore, imposition of sanctions is not appropriate.

IT IS FURTHER **ORDERED** that the Motion for Extension is **GRANTED in part, and DENIED in part**. To the extent that Plaintiff seeks an extension of time to respond to the County Defendants' Motion for Summary Judgment [Docket No. 226, filed November 1, 2007], the motion is **granted**. Plaintiff shall respond to the County Defendants' Motion for Summary Judgment no later than **December 31, 2007**. Plaintiff also purports to seek an extension of time to respond to one additional pending motion for summary judgment. However, the Court notes that there are **TWO** additional pending motions for summary judgment: (1) the Nurse Defendants' Motion for Summary Judgment [Docket No. 216, filed October 1, 2007]; and (2) Nurse Bruntz's Motion for Summary Judgment [Docket No. 218, filed October 1, 2007]. Pursuant to Fed. R. Civ. P. 5 & 6(e), Plaintiff's responses to the Nurse Defendants' Motion for Summary Judgment and Nurse Bruntz's Motion for Summary Judgment were due on October 24, 2007. Therefore, Plaintiff's request for an extension of time to file his response to either motion is untimely. However, in the interest of justice, the Court also extends the deadline for Plaintiff to file his responses to the Nurse Defendants' Motion for Summary Judgment and Nurse Bruntz's Motion for Summary Judgment to **December 31, 2007**.

IT IS FURTHER **ORDERED** that Plaintiff is reminded that failure to timely request an extension of time to file a response to a party's motion may result in waiver of his objections to it. *See, e.g.*, Fed. R. Civ. P. 41(b). To the extent that Plaintiff seeks entry of sanctions against the County Defendants, the Motion for Extension is **denied as moot** given the Court's ruling on Motion No. 232.

Finally, the Court notes for Plaintiff's benefit that pursuant to Fed. R. Civ. P. 5, a pleading is considered filed on the date when it is received by the Clerk of the Court, not on the date when it is received by the opposing party. In addition, a pleading is considered served on an opposing party on the date when it is mailed.

Dated: November 26, 2007