IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01989-REB-KLM

CHARLES LEE KETTERING,

    Plaintiff(s),

v.

LARIMER COUNTY DETENTION CENTER, 2405 Midpoint Drive, Fort Collins, CO 80525,
NURSE HAUGE, in her official and individual capacities,
DEPUTY BERGESS, in his official and individual capacities,
DEPUTY HARRIS, in his official and individual capacities,
SERGEANT ESTERS, in his official and individual capacities,
CORPORAL CATES, in her official and individual capacities,
CORPORAL NAIL, in his official and individual capacities,
DEPUTY KERR, in his official and individual capacities,
DEPUTY VANDERSLICE, in his official and individual capacities,
DEPUTY SIMMS, in his official and individual capacities,
DEPUTY SANZONE, in his official and individual capacities,
DEPUTY HOONER, in his official and individual capacities,
DEPUTY MEEKS, in his official and individual capacities,
DEPUTY MOLL, in his official and individual capacities,
NURSE HOFFMAN, in her official and individual capacities,
LIEUTENANT RUSSELL, in his official and individual capacities,
LIEUTENANT FARABEE, in his official and individual capacities,
SERGEANT VANFLEET, in his official capacity,
DEPUTY GREGORY, in his official and individual capacities,
CORPORAL HARTEKER, in his official and individual capacities,
DEPUTY PUGLIESE, in his official and individual capacities,
DEPUTY MARTINEZ, in his official and individual capacities,
DEPUTY SANTOS, in his official and individual capacities,
DEPUTY ARMENTROUT, in his official and individual capacities,
DEPUTY SOMOYER, in his official and individual capacities,
DEPUTY TRAYLOR, in his official and individual capacities,
DEPUTY McHUGH, in his official and individual capacities,
SERGEANT DANIALS, in his official and individual capacities,
DEPUTY PURRIER, in his official and individual capacities,
CHARLES ROBLES, in his official and individual capacities,
PATTI DEAN, in her official and individual capacities,
DOUG RICE, in his official capacity,
JASON STAUBIN, in his official and individual capacities,
AMY WIMMER, in her official and individual capacities,

NURSE UNKNOWN, in her official capacity,
DOUG RICE, in his individual capacity,
NURSE BRUNTZ, in her individual capacity,
DEPUTY KIAHTIPES,
MAJOR DARLIN,

    Defendant(s).
_____

## MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's Motion to Compell [sic] CSP Staff Case Manager [sic] Roberts & Hunter to Supply Plaintiff with Ink Pens Now! [Docket No. 238, Filed November 26, 2007] ("Plaintiff's Motion").[1]  Plaintiff's Motion seeks an order compelling non-parties to supply him with pens so that he may prepare his response to pending dispositive motions.  The Court previously extended the time for Plaintiff to file his response to dispositive motions until December 31, 2007 [Docket No. 237].

    IT IS HEREBY **ORDERED** that Plaintiff's Motion is **DENIED**.  The Court has no authority to compel non-parties to act.  Further, Plaintiff is required to exhaust his administrative remedies before seeking redress for grievances in this Court.  *See generally Porter v. Nussle*, 534 U.S. 516 (2002).  Finally, Plaintiff's claim that he is being denied access to the Court is premature.  Given that the deadline for Plaintiff's response to the dispositive motions has not lapsed, Plaintiff cannot demonstrate an actual injury.  *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996).

Dated: November 28, 2007

---

    [1] Plaintiff's Motion recited an incorrect civil action number (06-cv-575), which is assigned to a case involving unrelated parties and claims.  The Court determined that Plaintiff's Motion should be properly filed in this action based on the history recited and relief sought by Plaintiff therein.