IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01989-REB-KLM

CHARLES LEE KETTERING,

    Plaintiff(s),

v.

LARIMER COUNTY DETENTION CENTER, 2405 Midpoint Drive, Fort Collins, CO 80525,
NURSE HAUGE, in her official and individual capacities,
DEPUTY BERGESS, in his official and individual capacities,
DEPUTY HARRIS, in his official and individual capacities,
SERGEANT ESTERS, in his official and individual capacities,
CORPORAL CATES, in her official and individual capacities,
CORPORAL NAIL, in his official and individual capacities,
DEPUTY KERR, in his official and individual capacities,
DEPUTY VANDERSLICE, in his official and individual capacities,
DEPUTY SIMMS, in his official and individual capacities,
DEPUTY SANZONE, in his official and individual capacities,
DEPUTY HOONER, in his official and individual capacities,
DEPUTY MEEKS, in his official and individual capacities,
DEPUTY MOLL, in his official and individual capacities,
NURSE HOFFMAN, in her official and individual capacities,
LIEUTENANT RUSSELL, in his official and individual capacities,
LIEUTENANT FARABEE, in his official and individual capacities,
SERGEANT VANFLEET, in his official capacity,
DEPUTY GREGORY, in his official and individual capacities,
CORPORAL HARTEKER, in his official and individual capacities,
DEPUTY PUGLIESE, in his official and individual capacities,
DEPUTY MARTINEZ, in his official and individual capacities,
DEPUTY SANTOS, in his official and individual capacities,
DEPUTY ARMENTROUT, in his official and individual capacities,
DEPUTY SOMOYER, in his official and individual capacities,
DEPUTY TRAYLOR, in his official and individual capacities,
DEPUTY McHUGH, in his official and individual capacities,
SERGEANT DANIALS, in his official and individual capacities,
DEPUTY PURRIER, in his official and individual capacities,
CHARLES ROBLES, in his official and individual capacities,
PATTI DEAN, in her official and individual capacities,
DOUG RICE, in his official capacity,
JASON STAUBIN, in his official and individual capacities,
AMY WIMMER, in her official and individual capacities,

NURSE UNKNOWN, in her official capacity,
DOUG RICE, in his individual capacity,
NURSE BRUNTZ, in her individual capacity,
DEPUTY KIAHTIPES,
MAJOR DARLIN,

    Defendant(s).
_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on three related motions filed by Plaintiff: (1) Declaration of Default or Declaration for Entry of Default [sic] by Ft. Collins Police Department [Docket No. 247; Filed January 4, 2008]; (2) Order to Get the Fort Collins Police to Respond to the Law Suit or Enter Judgment [Docket No. 249; Filed January 4, 2008]; and (3) Motion to Clarify Default Judgment of 5 8th Judicial District Investigators (Named Ft. Collins Police Officers) [Docket No. 266; Filed January 18, 2008] (collectively "Plaintiff's Default Motions"). Plaintiff seeks entry of default judgment against Defendants Charles Robles, Patti Dean, Doug Rice, Jason St. Aubin (referred to in the caption as "Staubin") and Amy Wimmer (collectively "Defendants") due to their failure to timely respond to the Amended Complaint [Docket No. 114]. Defendants responded to Plaintiff's Motions and acknowledge they failed to respond in a timely fashion, contend that they were misidentified by Plaintiff in his Amended Complaint, and ask that default not be entered [Docket Nos. 267 & 269].

This matter is also before the Court on Defendants' Motion to File Responsive Pleading Out of Time [Docket No. 257; Filed January 7, 2008] ("Defendants' Motion").

2

Plaintiff did not respond.

This matter is also before the Court on Plaintiff's Motion to Add More Exhibits at a Later Date [Docket No. 270; Filed February 4, 2008] ("Motion No. 270").

IT IS HEREBY **ORDERED** that Plaintiff's Default Motions are **DENIED**. The Court finds that it would not be appropriate to enter a default against Defendants pursuant to 42 U.S.C. § 1997e. *See Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910, 913 (2007) (recognizing that 1997e(g) allows defendants to waive their right to reply to a prisoner complaint without being deemed to have admitted the complaint's allegations); *see also Lee v. Suthers*, 50 Fed. Appx. 942, 943 (10th Cir. 2002) (unpublished decision) (recognizing that a failure to answer does not constitute a waiver of defenses and refusing to enter a default).

In addition, although Defendants did not timely respond the Amended Complaint, the Court never expressly directed them to respond. *See* 42 U.S.C. § 1997e(g)(2). Further, Plaintiff is mistaken that he is entitled to a default judgment against Defendants as a matter of right. "When an application is made to the court under [Rule 55] for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered." 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2685, at 31 (3d ed. 1998). The Court considers whether Plaintiff has a "reasonable opportunity to prevail on the merits of his claim." *Lee*, 50 Fed. Appx. at 943. Here, Defendants argue that they are entitled to immunity and that Plaintiff's Complaint fails to state a claim for relief against them. Response at 2-3 [Docket No. 267]. Indeed, Plaintiff's Amended Complaint only mentions

3

Defendants once, and not as affirmative actors in the alleged unconstitutional events, but as witnesses. Amended Complaint at 10 [Docket No. 114]. Without addressing the merits of Defendants' defenses fully, the Court is persuaded that Plaintiff's ability to prevail on the merits against these Defendants is sufficiently in doubt.

IT IS HEREBY **ORDERED** that Defendants' Motion is **GRANTED**. Although untimely, the Court is persuaded that consideration of the Motion to Dismiss does not prejudice Plaintiff, particularly given the misidentification of these Defendants in the Amended Complaint, as well as the pleading's lack of reference to them as unconstitutional actors. As such, the Court accepts Defendants' Motion to Dismiss [Docket No. 258; Filed January 7, 2008] as filed and will consider it in due course. To that end, Plaintiff shall file his response, if any, to the Motion to Dismiss on or before **February 29, 2008**. Plaintiff shall limit his response to no more than fifteen (15) pages.

IT IS HEREBY **ORDERED** that Motion No. 270 is **DENIED without prejudice**. Although not entirely clear, it appears Plaintiff would like to reserve the right to add additional exhibits to the Final Pretrial Order which is due to be filed with the Court on or before February 8, 2008 [Docket No. 263]. The Court notes: (1) no proposed pretrial order has been submitted to or entered by the Court; and (2) Plaintiff does not currently know what exhibits he may wish to add to the Final Pretrial Order. The Court also notes that the discovery deadline has now closed. Plaintiff's motion is not ripe in that he has not suffered an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). Plaintiff may seek leave to amend the Final Pretrial Order to add exhibits upon identification of same and upon providing copies of same to opposing parties. As the trial preparation

conference in this matter is set for October 3, 2008, Plaintiff must file any motion to amend the Final Pretrial Order on or before **August 4, 2008**.  Any motion to amend the Final Pretrial Order filed after that date will be summarily denied.

Dated:  February 5, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix