IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01989-REB-KLM

CHARLES LEE KETTERING,

    Plaintiff(s),

v.

LARIMER COUNTY DETENTION CENTER, 2405 Midpoint Drive, Fort Collins, CO 80525,
NURSE HAUGE, in her official and individual capacities,
DEPUTY BERGESS, in his official and individual capacities,
DEPUTY HARRIS, in his official and individual capacities,
SERGEANT ESTERS, in his official and individual capacities,
CORPORAL CATES, in her official and individual capacities,
CORPORAL NAIL, in his official and individual capacities,
DEPUTY KERR, in his official and individual capacities,
DEPUTY VANDERSLICE, in his official and individual capacities,
DEPUTY SIMMS, in his official and individual capacities,
DEPUTY SANZONE, in his official and individual capacities,
DEPUTY HOONER, in his official and individual capacities,
DEPUTY MEEKS, in his official and individual capacities,
DEPUTY MOLL, in his official and individual capacities,
NURSE HOFFMAN, in her official and individual capacities,
LIEUTENANT RUSSELL, in his official and individual capacities,
LIEUTENANT FARABEE, in his official and individual capacities,
SERGEANT VANFLEET, in his official capacity,
DEPUTY GREGORY, in his official and individual capacities,
CORPORAL HARTEKER, in his official and individual capacities,
DEPUTY PUGLIESE, in his official and individual capacities,
DEPUTY MARTINEZ, in his official and individual capacities,
DEPUTY SANTOS, in his official and individual capacities,
DEPUTY ARMENTROUT, in his official and individual capacities,
DEPUTY SOMOYER, in his official and individual capacities,
DEPUTY TRAYLOR, in his official and individual capacities,
DEPUTY McHUGH, in his official and individual capacities,
SERGEANT DANIALS, in his official and individual capacities,
DEPUTY PURRIER, in his official and individual capacities,
CHARLES ROBLES, in his official and individual capacities,
PATTI DEAN, in her official and individual capacities,
DOUG RICE, in his official capacity,
JASON STAUBIN, in his official and individual capacities,
AMY WIMMER, in her official and individual capacities,

NURSE UNKNOWN, in her official capacity,
DOUG RICE, in his individual capacity,
NURSE BRUNTZ, in her individual capacity,
DEPUTY KIAHTIPES,
MAJOR DARLIN,

    Defendant(s).
_____

# ORDER STRIKING DOCKET NO. 284
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on a letter filed by Plaintiff titled "RE: Received Bruntz's Phone Number (So Called Victom [sic]) Bull shit" [Docket No. 284; Filed March 6, 2008]. The letter contains abusive and offensive insults directed at Defendant Nurses and their counsel. At the bottom of page one of the four-page letter, Plaintiff requests leave to add the letter to his list of exhibits to be used at trial.

    As a preliminary matter, the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District Court for the District of Colorado require that parties to civil litigation file *motions* when they seek relief from the Court. Fed. R. Civ. P. 7(b)(1) ("An application to the court for an order shall be by motion . . ."); D.C. Colo. L. Civ. R. 7.1C .

    IT IS HEREBY **ORDERED** that requests for relief which are not captioned as motions will not be ruled upon by the Court.

    IT IS FURTHER **ORDERED** that the letter [Docket No. 284] shall be **STRICKEN**. The abusive and offensive tone of the letter is unwarranted and serves no legitimate purpose as a pleading or an exhibit. The Court has the inherent authority to strike offensive pleadings. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th

Cir. 2005); *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981). Moreover, pursuant to Fed. R. Civ. P. 12(f), the Court is authorized to strike any pleading which deals with an "immaterial, impertinent, or scandalous matter." Finally, given the "scurilous tone" of Plaintiff's letter, the Court is entitled to "refrain from exercising any discretion [it] may have to delve for substance in a pro se pleading." *Garrett*, 425 F.3d at 840. While pro se parties are usually subject to relaxed pleading standards, this Court "simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents. Our pro se practice is a shield against the technical requirements of a past age; it is not a sword with which to insult" the participants in a federal lawsuit. *Id.* at 841 (quoting *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978)). Plaintiff is warned that the filing of abusive pleadings will not be tolerated and may result in the imposition of sanctions.

Dated: March 7, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix